Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3925 | **DATE** | 9/2/2011 |
| **CASE TITLE** | CCA Financial, LLC vs. Time Savers, Inc. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's motion for replevin and detinue [5], brought pursuant to Fed. R. Civ. P. 64 and 735 ILCS 5/19-101, *et seq.* For the reasons set forth below, Plaintiff's motion for a writ of replevin and order of detinue [5] is granted in part (as to the writ of replevin) and denied in part without prejudice (as to the order of detinue). Plaintiff is directed to submit by 9/9/2011 a proposed order of replevin to the Court's proposed order electronic mail box after circulating the proposed order to counsel for Defendant for review as to form. See *People's Capital & Leasing Corp. v. The Strathmore Co.*, No. 10-cv-7770, docket entry 33 (entered June 6, 2011) (recent order of replevin approved by the Court). This case is set for further status on 9/22/2011, at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

## I. Background

Defendant Time Savers, Inc. leases aerial lift equipment to businesses in the Chicago area. During the period from November 16, 2007 through August 24, 2009, Defendant Time Savers and non-party Associated Bank executed 223 separate loans, each of which was documented with a promissory note. To secure its obligations under the notes, Time Savers entered into various commercial security agreements with Associated Bank, granting Associated Bank a security interest in various aerial lift equipment (collectively "the collateral"). Associated Bank subsequently assigned all of its rights, title, and interest in the notes, security agreements, and collateral to Plaintiff CCA Financial. CCA Financial subsequently filed UCC-3 financing statements with the Illinois Secretary of State. CCA represents that it holds a first-priority security interest in the collateral.

Time Savers subsequently defaulted on its obligations to CCA under the notes and security agreements. On November 30, 2010, CCA and Time Savers entered into a forbearance agreement. Time Savers failed to make timely payments when due, and CCA filed the current lawsuit on June 8, 2011. According to CCA, as a result of Time Savers' default under the forbearance agreement, Time Savers owes CCA $3,607,356.73. CCA maintains that under the security agreements, upon default, Time Savers is required to assemble and surrender the collateral. CCA represents that despite its demand, Time Savers refuses to voluntarily surrender the collateral.

## II. Analysis

### A. Writ of Replevin

# STATEMENT

On the basis of its review of the record as a whole, the Court finds that Plaintiff has satisfied the standard for the issuance of an order of replevin – namely, that Plaintiff has established a *prima facie* case of entitlement to possession of the collateral at issue and that Plaintiff likely will prevail on the merits of its underlying claim to possession. See *Carroll v. Curry*, 392 Ill. App. 3d 511, 514 (2d Dist. 2009). Notably, Defendant has not contested that it has defaulted under the applicable notes, nor has Defendant challenged Plaintiff's assertion of a valid lien on the collateral at issue. Defendant's principal arguments in opposition to the motion include (1) lack of proper notice to other creditors and customers of Defendant, (2) lack of evidence concerning the value of the collateral, and (3) a contention that an order of detinue would be premature.

On the issue of notice, it appears that the principal concern relates to Cole Taylor Bank, which is reported to have a previously perfected security interest in Defendant's inventory, including the collateral. However, the Court sees nothing in the replevin statute that forecloses a creditor's right to proceed on the ground that another entity may have a superior interest in the property or collateral in question – an interest that it may or may not choose to assert. Nor can the Court find anything in the statute requiring a party seeking replevin to give notice to the Defendant's other creditors or customers. To be sure, notice is required prior to a sale of the collateral (see 810 ILCS 5/9-610, cmt. 5; 810 ILCS 5/9-611), but not prior to the entry of an order of replevin itself. For purposes of this motion, the Court need not determine the priority of liens on the collateral. Time Savers' argument that CCA does not have a first-priority security interest in the collateral does not bear on the present motion and the Court's determination that CCA has a right to foreclose on its security interest in the collateral.

In regard to the bond, under Illinois law a replevin bond indemnifies the sheriff for damages in the event of a wrongful replevy. See 735 ILCS 5/19-112. Prior to service of the order for replevin, the plaintiff must give the sheriff (or marshal) a bond in the amount of twice the value of the property to be seized. *Id*. If the plaintiff provides such a bond, the defendant then may retain the collateral only if it posts its own bond for double the value of the collateral. 735 ILCS 5/19-109. Under the statute, establishing the value of the bond is not a prerequisite to the issuance of an order of replevin, but it must be settled "[b]efore the service of the order for replevin." 735 ILCS 5/19-112. Plaintiff has estimated the fair market value of the collateral to be approximately $2,669,175.00. Defendant questions the basis for that estimate, but provides no estimate of its own. While Defendant has not given the Court any concrete reason for doubting Plaintiff's estimate of the value of the collateral, the Court directs the parties to confer on that issue in an attempt to agree on the bond requirements under Sections 19-112 and 19-109 in advance of submitting a proposed order (see below for further details).

  **B. Order of Detinue**

Finally, the Court addresses Plaintiff's motion for an order of detinue. "Detinue is a common law cause of action recognized in Illinois that is substantially similar to the statutory cause of action for replevin." *In re Butler*, 2011 WL 806078, at *1 n.1 (Bkrty. C.D. Ill. Mar. 2, 2011). As Defendant points out, the major difference between the two remedies is a matter of timing: in replevin, the collateral may be taken from the defendant before the parties' rights are finally determined; in detinue, the defendant's possession of the collateral remains undisturbed until after final judgment, so no bond is required. See *Robinson v. Peterson*, 40 Ill. App. 132, 134-35, 1890 WL 2529, at *2 (Ill. App. Ct. 1890); see also *Kwasniewski v. Bultinck*, 42 Ill. App. 2d 335 (Ill. App. 1963). In addition, "[l]ike replevin, the primary remedy is return of property wrongfully withheld, although a money judgment for the value of the property not returned is available as a conditional, secondary remedy." *In re Butler*, 2011 WL 806078, at *1 n.1 (citing *Relational Funding Corp. v. Siemens Information & Communications Network, Inc.*, 2000 WL 1222126, at *3 (N.D. Ill. Aug. 23, 2000).

| STATEMENT |
|---|

Defendant contends that Plaintiff's request amounts to "a premature motion for summary judgment." But, as Plaintiff responds, there is no bar in the Federal Rules of Civil Procedure on the filing of a motion for summary judgment at an early juncture of the case. To be sure, a defendant may interpose an objection to an early summary judgment motion under Rule 56(f) on the ground that discovery is necessary so that Defendant may effectively respond to the motion, but no such objection has been made here. With that said, if it is summary judgment that Plaintiff seeks on his detinue claim, Plaintiff must file a motion and comply with Local Rule 56.1. See *Leaf Funding, Inc. v. Vincent R. Crescenzo, DDS, Ltd.*, 2011 WL 2960729, at *1 (N.D. Ill. July 20, 2011) (granting summary judgment on claim for detinue). Among other things, a formal motion for summary judgment accompanied by the supporting materials required under our local rules will allow the Court to determine – if the parties cannot agree – on the value of the property at issue, for "[d]etinue actions require certainty in the identification of the property demanded *and its value*." *Relational Funding*, 2000 WL 1222126, at *2 (emphasis added).

Plaintiff does not make clear why, if it obtains a writ of replevin issued under statutory authority, it also needs an order of detinue under the common law. In declining to abolish the common law action for detinue, the Illinois Appellate Court observed that detinue may be the only course available to a plaintiff that is unable to post the replevin bond. *Robinson*, 40 Ill. App. at 135, 1890 WL 2529 at **3. If Plaintiff wishes to further pursue an order of detinue, it may file an appropriate motion in due course. For the time being, the request for an order of detinue is denied without prejudice.

### III.     Conclusion

In sum, Plaintiff's motion for a writ of replevin and order of detinue [5] is granted in part (as to the writ of replevin) and denied in part without prejudice (as to the order of detinue). Plaintiff is directed to submit by 9/9/2011 a proposed order of replevin to the Court's proposed order electronic mail box after circulating the proposed order to counsel for Defendant for review as to form. See *People's Capital & Leasing Corp. v. The Strathmore Co.*, No. 10-cv-7770, docket entry 33 (entered June 6, 2011) (recent order of replevin approved by the Court). This case is set for further status on 9/22/2011, at 9:00 a.m.